41 C.C.P.A.(Patents)
### Application of LEITZELL.
### Patent Appeal No. 6046.

United States Court of Customs and Patent Appeals.

May 27, 1954.

Francis W. Crotty, Chicago, Ill. (John J. Pederson, Evanston, Ill., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

JACKSON, Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of all of the claims, 11, 12, and 13, of a patent application, Serial No. 73,379, filed January 28, 1949, for "Coded Cinematic Films."

The claims read as follows:

"11. A coded cinematic program film for a subscription television system comprising: a first series of film frames bearing program information recorded thereon in one mode; and a second series of film frames bearing program information recorded thereon in a distinctly different mode and interspersed in an irregular sequence with the frames of said first series to present therewith a succession of film frames of both said series collective-

ly and successively constituting a continuity of program information.

"12. A coded cinematic program film for a subscription television system comprising: a first series of film frames bearing program information recorded thereon in one mode; and a second series of film frames bearing program information recorded thereon in a distinctly different mode, characterized by a lateral displacement of said information relative to said first mode, and interspersed in an irregular sequence with the frames of said first series to present therewith a succession of film frames of both said series collectively and successively constituting a continuity of program information.

"13. A coded cinematic program film for a subscription television system comprising: a first series of film frames bearing program information recorded thereon in one mode; and a second series of film frames bearing program information recorded thereon in a distinctly different mode, characterized by an inversion of said information relative to said first mode, and interspersed in an irregular sequence with the frames of said first series to present therewith a succession of film frames of both said series collectively and successively constituting a continuity of program information."

The claims were rejected below as being unpatentable over the prior art and also as being directed to nonpatentable subject matter. In view of our conclusion, it will not be necessary to discuss the latter rejection.

The application relates to cinematic films, particularly to those on which images are recorded in successive frames in altered or coded form. It is said that the principal object of the alleged invention is the provision for a cinematic film upon which images are recorded in successive frames and wherein selected frames are altered in irregular sequence relative to other frames so that, when the picture is projected by a conventional projecting device, the result is an unintelligible picture.

It appears, subscribers to the system having connected with their receivers a correcting or decoding device synchronized with the coding apparatus by means of key signals, that the decoding machine operates to produce a compensating alteration in the timing characteristic of the receiver so that the intelligible reproduction of images is represented by the coded television signals.

Apparently the film claimed in the application is for exclusive use in connection with television.

The prior art relied on is a patent to Girsdansky, 1,580,242, dated April 13, 1926, for Stereoscopic Cinematographic Apparatus upon an application, Serial No. 451,755, filed March 12, 1921.

The reference relates to a cinematographic apparatus comprising a film in which successive frames carry images of a given subject, with a group of images displaced on the films latterly to other groups and interspersed therewith.

Claim 11 is generic to the other two claims, the latter of which is drawn to a nonelected species, and therefore not before us on its merits.

It may be observed that, while the employment of the film in the prior art seems to be for the production of pictures possessing a third dimension property and the claims herein are dedicated to a television system, nevertheless, the present claims are for a film *per se,* and there is nothing contained in them to indicate their designation. Therefore, we must consider the claims as being for cinematic use only.

It appears clear to us that the individual frame images disclosed in the apparatus of the reference, in order to be of any availability at all, must constitute a continuous depiction of the photographed object and, therefore, are recorded in sequence. The images of one group are latterly displaced with relation to the preceding and succeeding im-

ages. Certainly the operation of the film of the reference does not produce an unintelligible result but, should such result be deemed desirable, the successive frames containing the images in lateral position, one to the other, could be made unintelligible by having them placed in irregular series instead of in regular sequence. Of course, the film of the reference would not be useful in the television system of the applicant but, as hereinbefore noted, that is of no concern here.

With respect to the film of the application being "coded," we think it is obvious that the film of the reference can be likewise so considered in that there is shown a lateral shift arrangement, such as is set forth in the claims herein.

We are of opinion that no invention would result from interspersing the frames in the film of the patent in an irregular sequence for coding purposes such as appellant discloses.

For the reasons hereinbefore set out, the decision of the Board of Appeals is affirmed.

Affirmed.

WORLEY, Judge, dissents.

JACKSON, Judge, retired, sat in place of GARRETT, Chief Judge.